UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FRANCHOT TAYLOR,            )
                            )
    Plaintiff,              )
                            )   15-cv-3113
    v.                      )
                            )
DEPUTY WOMACK, et al.,      )
                            )
    Defendants.             )

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se from his incarceration in Dixon Correctional Center, alleges that Defendants, officers of the Sangamon County Sheriff's Department, violated Plaintiff's Fourth Amendment rights by entering and searching his home without his consent and by arresting him without probable cause.

Defendants' summary judgment motion is before the Court. At the summary judgment stage, the evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id.

The parties agree that Defendant Knowski, a Lieutenant with the Sangamon County Sheriff's Office, and Defendant Womack, a Deputy, came to the door of Plaintiff's home in the early morning hours of February 18, 2015. Lieutenant Knowski and Deputy Womack entered the home, retrieved a jacket and shoes, and arrested Plaintiff for criminal damage to property, resisting/obstructing a police officer, and stealing a leaf blower and a girl's bicycle.

Defendants maintain that they tracked Plaintiff from the site of a reported burglary to Plaintiff's home. Defendants also maintain that Plaintiff consented to Defendants' entering the home and that evidence incriminating Plaintiff was found in plain sight. Plaintiff, in contrast, contends that he had been home sleeping all night and was awakened by Defendants banging on the door, threatening to break the door down and send their dog in if Plaintiff did not open the door. Plaintiff maintains that he either did not give consent for Defendants to enter the home or was coerced into doing so. Plaintiff also contends that he did not give consent for the search.

On September 25, 2015, in a negotiated plea, Plaintiff plead guilty to attempted burglary, admitting that he:

> [w]ith the intent to commit the offense of burglary performed a substantial step toward the commission of the offense, in that he knowingly and without authority attempted to enter a building of Daniel Downey, with the intent to commit therein a theft.

(State's Attorney Statement, d/e 36-3, p. 4.)  The other charges against Plaintiff were dropped as part of the plea agreement.

Defendants argue that Plaintiff's guilty plea bars Plaintiff's claims in this case because Plaintiff had an opportunity to litigate the constitutionality of the search and seizure when Plaintiff filed a motion to suppress in his criminal proceedings.  That argument would be correct if Plaintiff's motion to suppress had been denied on the merits, but the motion to suppress was never ruled on due to the negotiated plea.

Further, the facts which formed the basis of Plaintiff's guilty plea do not bar him from pursuing his claims.  Plaintiff could succeed on his claims for illegal entry, search, and seizure without impugning the validity of his conviction for attempted burglary.  In Simpson v. Rowan, 73 F.3d 134 (7th Cir. 1995), the Seventh Circuit held that Fourth Amendment claims for false arrest and an illegal search of the plaintiff's apartment could proceed despite Plaintiff's

murder conviction, a conviction based in part on evidence found during the purportedly illegal search.  The Seventh Circuit reasoned that the Fourth Amendment claims did not necessarily challenge the validity of the conviction because "an illegal search or arrest may be followed by a valid conviction . . . ."  73 F.3d at 136; *see also* Rollins v. Willett, 770 F.3d 575 (7th Cir. 2014)(pleading guilty on driving violations did not bar claim for unreasonable seizure: "A finding that the defendant was illegally seized—the finding he seeks in this suit—would therefore have no relevance to the validity of his guilty plea and ensuing conviction."); Copus v. City of Edgerton, 151 F.3d 646, 649 (7th Cir. 1998)("The point is that it is possible for an individual to be properly convicted though he is unlawfully arrested, or his home unlawfully searched. The remedy for those constitutional violations is a civil action under § 1983 for money damages, . . . .")  The claims in Simpson were ultimately dismissed because the plaintiff had lost a motion to suppress in his criminal proceedings regarding the same claims of unreasonable search and seizure.  Simpson v. Rowan, 125 Fed.Appx. 720 (7th Cir. 2005)(not published in Federal Reporter).  However, as discussed above, no ruling was made on Plaintiff's motion to suppress.  Like the claims

in Simpson, Plaintiff's Fourth Amendment claims in this case do not necessarily undermine the facts underlying his conviction.

Defendants also argue that Plaintiff consented to the search because Plaintiff opened the door voluntarily and allowed Defendants to enter. But whether Plaintiff consented to Defendants' entry, and, if so, whether that consent was coerced or included a consent to the search, are disputed material facts. Consent must be voluntary, not the product of coercion or duress. Valance v. Wisel, 110 F.3d 1269 (7th Cir. 1997). According to Plaintiff, the officers announced through the closed door, "Open the door, we know you in there, we going to kick it down, we going to send the dog in." (Pl.'s Dep. 9.) Even if Plaintiff did voluntarily consent to Defendants' entry, Plaintiff did not voluntarily consent to the search of the apartment, according to Plaintiff. Plaintiff maintains that he opened the door, whereupon the officers entered and began searching the apartment while Plaintiff "was grabbing them by the arms and asking them what they was doing, they need to explain themselves, what do you all want." (Pl.'s Dep. 12-13.) Plaintiff "was telling them you all ain't got no business in the house, you don't have no search warrant to be in this home, man, what's

up, what you all want." (Pl.'s Dep. 11.)  On this record, whether Plaintiff consented to the entry and search are disputed questions of fact.

Defendants argue that the terms of Plaintiff's mandatory supervised release agreement with the Illinois Department of Corrections required him to consent to the search of his residence. Paragraph ten of that agreement states, "[y]ou shall consent to a search of your person, property, or residence under your control; including computer(s), peripherals and any and all media." (Mandatory Supervised Release Agreement para. 10, d/e 36-3.) Plaintiff was bound by this agreement on the date of the search.

There is legal support for Defendants' argument.  In Samson v. California, 547 U.S. 843 (2006), the Supreme Court upheld a suspicionless search of a parolee which resulted in the plaintiff's drug conviction.  Relying on Samson, the Illinois Supreme Court upheld a warrantless, unconsented search of a parolee's home based on an anonymous tip that the defendant was violating his parole.  People v. Wilson, 228 Ill.2d 35 (2008).  The Illinois Supreme Court stated in Wilson that the release agreement, which contained a search provision identical to the provision in Plaintiff's release

agreement, "reduced his expectation of privacy in his residence to a level that society would not recognize as legitimate."  *See also* People v. Absher, 242 Ill.2d 77 (2011)(probationer's agreement to suspicionless search amounted to prospective consent and a waiver of probationer's Fourth Amendment rights); U.S. v. Barnett, 415 F.3d 690 (7th Cir. 2005)(upholding Illinois probationer's blanket waiver of Fourth Amendment rights in release agreement to "submit to searches of [his] person, residence . . . at any time such requests are made by the Probation Officer . . .)  State law informs a federal court's Fourth Amendment inquiry into an individual's legitimate expectations of privacy.  U.S. v. White, 781 F.3d 858, 861 (7th Cir. 2015)(warrantless search of Illinois parolee's bag reasonable where release agreement required parolee to consent to search).[1]

However, Plaintiff makes the point that Defendants did not know about Plaintiff's status as a parolee or the supervised release agreement.  He argues that Defendants could not have based their entry and search on facts unknown to them.  There is legal support for Plaintiff's argument, too.  In Samson, the Supreme Court

---

[1] Imposing such a broad search requirement in federal sentencing would be difficult.  In U.S. v. Farmer, 755 F.3d 849, 855 (7th Cir. 2014), the Seventh Circuit vacated a blanket waiver of Fourth Amendment rights imposed as a special condition of supervised release on a federal defendant where the district court had not adequately justified the condition.

observed that, "[u]nder California precedent, we note, an officer would not act reasonably in conducting a suspicionless search absent knowledge that the person stopped for the search is a parolee." 547 U.S. 843 n. 5 of majority opinion[2]; *see also* U.S. v. Williams, 702 F.Supp.2d 1021 (N.D. Ill. 2010)(valid parole search requires knowledge of parolee status and release agreement); Wofford v. Celani, 2013 WL 315744 (N.D. Ill. 2013)(agreeing with Williams).

Defendants do not assert that they knew that Plaintiff was a parolee or knew about his release agreement. They argue that Plaintiff would have violated his release agreement if he did not consent, and therefore he did consent. Yet Plaintiff's own knowledge of his release agreement is not imputed to Defendants. *See* U.S. v. Walton, 763 F.3d 655 (7th Cir. 2014)(rejecting government's "astonishing proposition" that parolee's knowledge of parole violation rendered every parole search constitutional). Defendants do not explain how the agreement gave them a

---

[2]Samson was decided after U.S. v. Knights, 534 U.S. 112, 121 (2001), in which the U.S. Supreme Court upheld the search of a parolee's residence which was based on a reasonable suspicion of criminal activity.

reasonable basis to enter and search the home if they did not know about the agreement.

Defendants next argue that they are entitled to qualified immunity, but, looking at the record in the light most favorable to Plaintiff, Plaintiff did not consent to the entry or the search and he had been sleeping at home all night.  Kentucky v. King, 563 U.S. 452, 459, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011)("searches and seizures inside a home without a warrant are presumptively unreasonable.")(internal quotes and quoted citation omitted).  Defendants' qualified immunity argument depends on accepting their version of disputed facts, which the Court cannot do.

Defendants argue that Plaintiff has no damages because Defendants would have been successful in obtaining a warrant.  However, the harm is the search without a warrant, however nominal the damages may be.  Plaintiff's slim chance of succeeding at trial and recovering anything but nominal damages are not grounds for granting summary judgment.  See Giddeon v. Flynn, 830 F.3d 719 (7th Cir. 2016)(reversing summary judgment claim of illegal stop of car, even though probable cause existed for arrest and plaintiff was convicted).  However, these probabilities do

suggest that the case should be referred to the Magistrate Judge for a settlement conference before the trial is scheduled.

On a separate matter, Defendants argue that Plaintiff fails to state a claim against the Sangamon County Sheriff's Department for an unconstitutional practice or policy.  The Sangamon County Sheriff's Department was named as a Defendant in Plaintiff's original complaint but not in his Amended Complaint, which completely replaced the original.  The merit review order did not identify an unconstitutional policy claim against the Sangamon County Sheriff's Office, and the Sangamon County Sheriff is not listed as a Defendant.  Therefore, dismissal of this claim is unnecessary because the claim is not before the Court.  The Court does note, however, that nothing in the record suggests that Plaintiff's purported constitutional deprivations were caused by an unconstitutional policy attributable to the Sangamon County Sheriff's Office.

**IT IS ORDERED:**

**(1)  Defendants' motion for summary judgment is denied (36).**

**(2) Plaintiff's motion for status is denied as moot (41).**

**(3)  This case is referred to the Magistrate Judge for a settlement conference.**

**(4)  The clerk is directed to notify the Magistrate Judge of the referral.**

ENTERED:   February 14, 2017

FOR THE COURT:

<u>  s/Sue E. Myerscough      </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE